IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD NOBLE,

        Plaintiff,

    v.

MARGARET SPELLINGS, in her official
capacity as U.S. Secretary of Education,

        Defendant.

No. CV 08-749-MO

OPINION AND ORDER

**MOSMAN, J.,**

    Gerald Noble ("Mr. Noble") brought suit against Margaret Spellings, in her official capacity as U.S. Secretary of Education ("Secretary"), alleging that a Department of Education regulation governing late disbursement of student loans is unlawful.  Mr. Noble argues that 34 C.F.R. § 668.164(g)(2) is not in accordance with its enabling statute, 20 U.S.C. § 1094, or with the spirit and intent of the Higher Education Act ("HEA"), 20 U.S.C. § 1001 *et seq*.

    Mr. Noble made an oral Motion for Preliminary Injunction (#39) on December 1, 2008. He asks this court to authorize the immediate disbursement of the Grad PLUS loan for which he has been approved.

## BACKGROUND

    Mr. Noble recently graduated from Willamette University College of Law.  (Compl. (#2) ¶ 29.)  He applied for a Grad PLUS loan during the fall semester of the 2007-08 school year, but

PAGE 1 - OPINION AND ORDER

did not receive credit approval from the lender until the following spring semester, when he was no longer enrolled at Willamette. (*Id.* ¶¶ 5, 29.) The failure to receive credit approval appears to have been due to a mistake on Mr. Noble's credit report. (*Id.* ¶¶ 23-24.) The problem with the credit report was resolved at some time in the winter or spring of 2008. (*Id.* ¶ 27.) Unfortunately, because Mr. Noble was no longer enrolled at Willamette when the lender approved the loan, he was not eligible for disbursement of the Grad PLUS loan under 34 C.F.R. § 668.164(g)(2). (*Id.* ¶ 28.) He has brought this suit in an attempt to receive a late disbursement of the loan for which he is currently approved. (*See id.* ¶ 56.)

## DISCUSSION

The threshold issue presented by Mr. Noble's Motion for Preliminary Injunction is whether I have jurisdiction to grant injunctive relief against the Secretary. It is well settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). The HEA contains a partial waiver of the Secretary's immunity: "In the performance of, and with respect to, the functions, powers, and duties, vested in [her] by this part, the Secretary may . . . sue and be sued . . . in any district court of the United States . . . but no . . . injunction . . . shall be issued against the Secretary or property under the Secretary's control . . . ." 20 U.S.C. § 1082(a)(2).

In its plain language, § 1082 prohibits the issuance of injunctions against the Secretary in relation to her powers and duties under the HEA. The language of this provision is unambiguous. "The preeminent canon of [federal] statutory interpretation requires [a court] to 'presume that [the] legislature says in a statute what it means and means in a statute what it says

Case 3:08-cv-00749-MO    Document 49    Filed 01/12/09    Page 3 of 5

there.'"  *BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).  Thus, in the absence of a clear indication to the contrary, I must presume that Congress intended to prohibit the issuance of injunctions against the Secretary.[1]

The Ninth Circuit has discussed § 1082 only once, in *American Association of Cosmetology Schools v. Riley*, 170 F.3d 1250 (9th Cir. 1999) ("*AACS*").  In *AACS*, the court indicated that the anti-injunction bar prevents even the granting of declaratory relief having the coercive effect of an injunction.  *Id.* at 1254 (stating that "the relief requested is plainly coercive and therefore prohibited by the anti-injunction statute no matter what name it's given").

Mr. Noble argues that there is an exception to § 1082's prohibition and that courts may grant injunctive relief against the Secretary when she exceeds her statutory authority under the HEA.  (Pl.'s Reply (#47) 6.)  Mr. Noble cites several cases to support this proposition, but none of the cases that cite § 1082 are from the Ninth Circuit.  In fact, the only cases Mr. Noble cites that might control my decision do not mention § 1082 at all.  *See Manhattan Gen. Equip. Co. v. Comm'r*, 297 U.S. 129 (1936), *Dugan v. Rank*, 372 U.S. 609 (1963), and *Cal. Cosmetology Coal. v. Riley*, 110 F.3d 1454 (9th Cir. 1997).  *Manhattan General* states only that "[a] regulation which . . . create[s] a rule out of harmony with the statute, is a mere nullity."  297 U.S. at 134 (citing *Lynch v. Tilden Produce Co.*, 265 U.S. 315, 320-22 (1924)).  *Dugan* is more on point; it states that sovereign immunity will not protect a government official from suit regarding actions beyond their statutory powers or actions taken in a manner that is constitutionally void.  372 U.S.

---

[1] A strict reading of the statute is further supported by the fact that partial waivers of sovereign immunity are to be "strictly construed in favor of the United States."  *Ardestani v. INS*, 502 U.S. 129, 137 (1991) (citing *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986)).

PAGE 3 - OPINION AND ORDER

at 621-22 (citing *Malone v. Bowdoin*, 369 U.S. 643, 647 (1962)).  However, the Court goes on to specify that "[i]n either . . . such case[] the officer's action 'can be made the basis of a suit for specific relief against the officer as an individual.'"  *Id.* at 622 (quoting *Malone*, 369 U.S. at 647).  Here, Mr. Noble has sued the Secretary in her official capacity, not as an individual.

Finally, there is *California Cosmetology*, which Mr. Noble argues demonstrates the Ninth Circuit's recognition of an exception to § 1082's prohibition on injunctions.  In that case, the Ninth Circuit affirmed a grant of injunctive relief against the Secretary for passing regulations that exceeded the Secretary's authority under the HEA.  *See Cal. Cosmetology*, 110 F.3d at 1457-58, 1461.  However, the court never mentions § 1082.  I cannot presume, without more, that the court recognized an exception to § 1082.  This is particularly true because two years later, in *AACS*, the Ninth Circuit interpreted the language of § 1082 broadly, indicating that it prohibited not just injunctions, but also declaratory relief that had a "coercive" effect, like an injunction.  *AACS*, 170 F.3d at 1254.

Without specific guidance from the Supreme Court or the Ninth Circuit, I will not presume that Congress meant anything other than what it specifically stated in § 1082.  I hold that I do not have the power to issue an injunction against the Secretary because the Department of Education has not waived its sovereign immunity against injunctive relief under the HEA.  Therefore, there is no need to determine whether a preliminary injunction would be appropriate under *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008).

## CONCLUSION

Based on the preceding, I DENY Mr. Noble's Motion for Preliminary Injunction (#39).

IT IS SO ORDERED.

Dated this  9th  day of January, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge